**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

TATSIANA PILIPENKA,

      Plaintiff,                           Case No.: 1:26-cv-03087

v.                                   Judge Elaine E. Bucklo

THE PARTNERSHIPS AND UNINCORPORATED     Magistrate Judge Albert Berry, III
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

      Defendants.

## <u>DECLARATION OF TATSIANA PILIPENKA</u>

I, TATSIANA PILIPENKA, declare and state as follows:

1.      This declaration is based upon my personal knowledge of the facts stated herein or on the business records that were made at the time or in the regular course of business. If called as a witness, I could and would testify to the statements made herein.

2.      I am the artist that creates the Tatsiana Pilipenka Works. I make this declaration from matters within my knowledge save where otherwise stated.

3.      I am an artist who creates watercolor and vector illustrations. Animals, nature, childhood innocence and imagination, and the beauty of everyday family moments inspire much of my work. My goal is to bring warmth, comfort, and a sense of wonder to every pattern I design, making them perfect for little ones. I have been working professionally as an artist for over twenty years. At first, I designed children's shoes, and this experience instilled in me an interest in children's themes. In 2010, I began drawing vector graphics, seamless patterns, and watercolor illustrations and selling them on various online stores.

1

4. I am the official source of products associated with the Tatsiana Pilipenka Works (the "Tatsiana Pilipenka Products"):



https://www.shutterstock.com/image-vector/sweet-seamless-pattern-frogs-dragonflies-179622887

5. I am the owner of the copyright registrations for the Tatsiana Pilipenka copyrighted works, which are protected by United States Copyright Registration Nos. VA 2-455-672; VA 2-455-173; VA 2-455-653; VA 2-455-655; VA 2-455-656; VA 2-455-657; VA 2-455-663; VA 2-455-664; VA 2-455-170; VA 2-455-205; VA 2-455-206; VA 2-455-362; VA 2-455-654; VA 2-455-658; VA 2-455-168; VA 2-455-193; and VA 2-455-195 (the "Tatsiana Pilipenka Works").

6. The success of the Tatsiana Pilipenka Works has resulted in significant infringement of my copyrights. Consequently, an anti-pirating program has been implemented to investigate suspicious websites and online marketplace listings identified in proactive internet sweeps. Various marketplace listings have been identified on multiple platforms, including the internet stores identified in Schedule A attached to the Complaint ("Defendant Internet Stores"), which were offering for sale, selling, and importing unauthorized versions of the Tatsiana Pilipenka Works to consumers in this judicial district and throughout the United States.

7.      I am aware of investigations related to internet-based infringement of the Tatsiana Pilipenka Works. The investigations show that Defendants are using the Defendant Internet Stores to sell infringing Tatsiana Pilipenka Products from foreign countries such as China to consumers in the United States. I, or someone working under my direction, analyzed the Defendant Internet Stores and determined that infringing Tatsiana Pilipenka Products were being offered for sale to the United States, including Illinois. The Defendants and their websites do not conduct business with me and do not have the right or authority to use the copyrights for any reason.

8.      Monetary damages alone cannot adequately compensate me for the ongoing infringement because monetary damages fail to address the loss of control of and damage to my reputation, goodwill, and control over the nature of the derivative works made using my copyrighted material. Furthermore, monetary damages are difficult, if not impossible, to completely ascertain due to the inability to fully quantify the monetary damage caused to my reputation and goodwill by acts of infringement.

9.      My goodwill and reputation are irreparably damaged when the Tatsiana Pilipenka Works is used on unauthorized goods. I am further irreparably harmed by the unauthorized use of the Tatsiana Pilipenka copyrighted material because infringers take away my ability to control the nature and quality of products bearing the Tatsiana Pilipenka Works and derivative works.

10.     I am further irreparably damaged due to a loss of exclusivity. The copyright rights in the Tatsiana Pilipenka Works are meant to be exclusive rights.

11.     The marketing and distribution of the Tatsiana Pilipenka Works and derivative works are aimed at growing and sustaining sales. When infringers use the Tatsiana

3

Pilipenka Works without authorization, the exclusivity associated with the Tatsiana Pilipenka Works, as well as my reputation, are damaged and eroded, resulting in a loss of unquantifiable future sales.

12.     Uncontrolled profiteering and pirating of the Tatsiana Pilipenka Works create the impression that the copyright rights associated with the Tatsiana Pilipenka Works may be infringed with impunity. The Tatsiana Pilipenka Works is distinctive and signifies to consumers that the products are authorized by me and are manufactured to my high-quality standards. When infringers use the Tatsiana Pilipenka Works on goods without authorization, the exclusivity of my products and reputation are damaged and eroded, resulting in a loss of unquantifiable future sales. The devaluing of the intellectual property associated with the Tatsiana Pilipenka Works cannot be compensated for financially since it erodes my ability to monetize the Tatsiana Pilipenka Works.

13.     I will suffer immediate and irreparable injury, loss, or damage if a permanent injunction is not issued as part of the final judgment.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 12, 2026.

_Tatsiana Pilipenka_
_____
Tatsiana Pilipenka